**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERNEST DEVARA COUNTS,**

**Plaintiff,**

-vs-                                                     **Case No.  6:09-cv-2157-Orl-22KRS**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

**Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS (Doc. No. 11)** |
| **FILED:** | **May 4, 2010** |

Defendant Michael Astrue, Commissioner of Social Security ("Commissioner"), moves to

dismiss Plaintiff Ernest Counts' complaint for lack of subject matter jurisdiction pursuant to Federal

Rule of Civil Procedure 12(b)(1).  Doc. No. 11.

**I.      BACKGROUND AND PROCEDURAL HISTORY.**

Counts filed a claim for social security disability benefits which was denied by the Social

Security Administration (SSA) initially on November 2, 2007.  Doc. No. 1 ¶¶ 4-5.  On November 17,

2007, Counts filed a request for reconsideration.  Doc. No. 14-1 at 7.  On April 25, 2008, the SSA

again denied Counts' claim for benefits.  Doc. No. 11-1 at 4-5.  Neither Counts nor his attorney

received notice of the April 25 decision until July 30, 2008, when Counts called the social security office and was told his request had been denied.  Doc. No. 1 ¶¶ 7-8.  The next day, July 31, 2008, Counts filed a request for a hearing before an administrative law judge (ALJ).  Doc. No. 14-1 at 8.

On May 26, 2009, the ALJ issued a Notice of Dismissal and Order of Dismissal, dismissing Counts' request for a hearing.  Doc. No. 14-2 at 6-9.  The ALJ found that Counts' request for hearing was untimely because it was filed more than sixty days after the date of the reconsideration determination, and Counts did not establish that he did not receive the determination within five days after it was issued.  *Id.* at 8.  The ALJ also found that Counts did not establish good cause for extending the time to request a hearing, despite Counts' assertion that he missed the deadline because he did not receive the reconsideration determination until July 31, 2008.  *Id.*  The ALJ determined that the record established Counts had not moved or had a change of address since his initial disability application.  The ALJ noted that Counts had received an initial denial notice at the same address used for the reconsideration notice, and Counts had timely filed a request for reconsideration.  *Id.* at 8-9.  The ALJ also noted that Counts' attorney, Richard Schwartz, was carbon copied on the reconsideration notice, so it was reasonable to assume that Counts and his attorney received the reconsideration notice shortly after it was mailed in April 2008.  *Id.* at 9.

Counts appealed the ALJ's Order of Dismissal to the Appeals Council on July 22, 2009.  Doc. No. 1 ¶ 12.  On August 14, 2009, Counts' attorney, Richard Culbertson, wrote a letter to the Appeals Council stating that Counts had executed an affidavit that was inadvertently omitted from his July 22, 2009 appeal letter due to a clerical error.  Culbertson requested that the Appeals Council leave the record open for an additional thirty days to correct the clerical error and submit the affidavit.  Doc. No. 11-1 at 11.  On August 31, 2009, Culbertson wrote another letter to the Appeals Council,

enclosing Counts' affidavit as evidence of good cause for Counts' untimely request for hearing. Doc. No. 14-1 at 2-4. In the affidavit, Counts averred that he never received any notice of a decision on his request for reconsideration prior to July 30, 2008, when he called the social security office and was told a decision had been made on April 25, 2008. *Id.* at 5.

On October 28, 2009, the Appeals Council denied Counts' request for review of the dismissal. Doc. No. 11-1 at 13-14. The Appeals Council noted that it considered the evidence presented, including the letters dated July 22, 2009 and August 31, 2009, and "found that this information does not provide a basis for changing the [ALJ]'s dismissal." *Id.*

On December 23, 2009, Counts filed a complaint against the Commissioner seeking review of the Commissioner's Order of Dismissal. Doc. No. 1. He alleges that this Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), and 28 U.S.C. § 1361. *Id.* ¶ 3. He also alleges that he exhausted all administrative remedies. *Id.* ¶¶ 15, 16. In the alternative to reversal of the Commissioner's Order of Dismissal, Counts seeks an order compelling the Commissioner to schedule an administrative hearing before an ALJ. *Id.* at 3. He alleges that the Commissioner owes a clear obligation to schedule an administrative hearing because his request for a hearing was timely filed. *Id.* ¶ 14. He further alleges that the ALJ abused his discretion in denying Counts' request for a hearing, and that the Appeals Council did not apply the correct legal standard when it denied his request for review. *Id.*

On May 4, 2010, the Commissioner filed a motion to dismiss Counts' complaint, arguing that the Order of Dismissal is not subject to judicial review. Doc. No. 11. In support of the motion to dismiss, the Commissioner filed the following documents: (1) Declaration of Earnest Baskerville, (2) correspondence from the SSA to Counts, (3) Request for Hearing By Administrative Law Judge, (4)

Notice of Dismissal, (5) Order of Dismissal, (6) correspondence from Attorney Culbertson to the Appeals Council, and (7) Notice of Appeals Council Action.  Doc. No. 11-1.

Counts filed a response in opposition to the Commissioner's motion on June 17, 2010.  Doc. No. 14.  In support of his response, Counts filed the following documents: (1) correspondence from Attorney Culbertson to the Appeals Council, with copies of an enclosed Statement of Claimant or Other Person, Request for Reconsideration, and Request for Hearing By Administrative Law Judge, Doc. No. 14-1; and (2) the Affidavit of Richard A. Schwartz, Esq., with attached copies of a Request for Reconsideration, Request for Hearing By Administrative Law Judge, Notice of Dismissal, and Order of Dismissal, Doc. No. 14-2.

The matter was referred to me for issuance of a Report and Recommendation.

## II.    STANDARD OF REVIEW.

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'"  *Garcia v. Copenhaver, Bell & Assoc., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F. 2d 1525, 1528-29 (11th Cir. 1990)).  In a facial attack, the court must consider the plaintiff's allegations in the complaint to be true and determine whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *See Macheski v. Leavitt*, No. 4:06-CV-85 (CDL), 2007 WL 2710466, at *2 (M.D. Ga. Sept. 13, 2007) (citing *Lawrence*, 919 F.2d at 1529).  In a factual attack, the court is free to weigh the evidence and evaluate the merits of the jurisdictional claims to determine if it has power to hear the case, and the presumption of truthfulness afforded a plaintiff's allegations does not attach.  *Garcia*, 104 F.3d at 1261 (citing *Lawrence*, 919 F.2d at 1529).

-4-

## III.    ANALYSIS.

### A.    *Request for Hearing.*

The Commissioner argues that the decision to deny Counts' request for an extension of time to request a hearing is not an initial decision subject to review by this Court.  Counts asserts, however, that he did not need to request an extension of time because his request for hearing was timely filed. He states, "This case does not involve a request to extend the time to appeal."  Doc. No. 14 at 3.  In his complaint, Counts alleges he is seeking judicial review of the Commissioner's Order of Dismissal, not of a denial of an extension of time.  Doc. No. 1.  The Commissioner's argument regarding the denial of an extension is therefore moot.

### B.    *Order of Dismissal.*

The Commissioner also argues that the ALJ's Order of Dismissal is not a final decision subject to review within the meaning of 42 U.S.C. § 405(g) because the order was issued without a hearing. Counts argues that this Court has jurisdiction to determine whether to issue a writ of mandamus pursuant to 28 U.S.C. § 1361.  He maintains that his request for hearing was timely and, therefore, the Commissioner had a nondiscretionary duty to provide an opportunity for a hearing.  Counts contends that he exhausted his administrative remedies when the Appeals Council denied his request for review, and he has no other adequate remedy.

"Jurisdiction over cases arising under the Social Security Act exists under 42 U.S.C. § 405(g) and (h) and the Mandamus Act, 28 U.S.C. § 1361."  *Parker v. Astrue*, No. 8:07-CV-436-T-MAP, 2008 WL 686935, at *3 (M.D. Fla. Mar. 12, 2008).

1.      Jurisdiction Under 42 U.S.C. § 405(g).

Section 405(g) provides, in relevant part, "Any individual, after any *final decision* of the Commissioner of Social Security *made after a hearing* to which he was a party . . . may obtain a review of such decision by a civil action . . . ." 42 U.S.C. § 405(g) (emphasis added).  Prerequisites for judicial review under § 405(g) include: (1) a final decision made by the Commissioner after a hearing; (2) the commencement of a civil action within sixty days of the mailing of notice of the Commissioner's decision; and (3) the filing of the action in an appropriate district court. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975).

The Commissioner argues that the first requirement has not been met in this case. Specifically, the Commissioner contends that the ALJ's dismissal order was not a "final decision" because the ALJ did not have a hearing.  Counts does not address this argument in his response.

The term "final decision" is not defined in the Social Security Act, so "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger*, 422 U.S. at 766.  The SSA regulations detail the steps of the administrative review process.   First, the claimant receives an initial determination regarding entitlement to benefits.  20 C.F.R. § 404.902.  If the claimant is dissatisfied with this initial determination, he may request reconsideration of the determination.  20 C.F.R. § 404.907.  If the claimant is dissatisfied with the reconsideration determination, he may request a hearing before an ALJ.  20 C.F.R. § 404.929.  A request for hearing must be filed within sixty days after the date the claimant receives notice of the previous determination (notice is presumed to have been received five days after the date on the notice unless the claimant establishes that he did not receive the notice within the five-day period).  20 C.F.R. §§ 404.933(b)(1), 404.901.  If a hearing is not requested in time, the claimant may ask for an extension of time to request a hearing supported

by a showing of good cause for missing the deadline.  20 C.F.R. § 404.933(c).  An ALJ may dismiss a request for a hearing if the request was not filed within the sixty-five day period and the time period was not extended.  20 C.F.R. § 404.957(c)(3).

An ALJ or the Appeals Council may vacate a dismissal of a hearing request if, within the requisite time, a request to vacate is filed supported by a showing of good cause why the hearing request should not be dismissed.  20 C.F.R. § 404.960.  The regulations do not appear to address directly whether the decision of the Appeals Council not to vacate a dismissal of a hearing request.

The United States Supreme Court has construed § 405(g) to "clearly limit[] judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977).  The United States Court of Appeals for the Eleventh Circuit has held that the Appeals Council's denial of an untimely request to review an ALJ's decision made after a hearing is a "final decision" which is subject to judicial review.  *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).[1]  The *Bloodsworth* case, however, is distinguishable from the instant case because the "final decision" in that case was made after a hearing.  The present case was dismissed before Counts was given a hearing.  *But see Macheski v. Leavitt*, No. 4:06-cv-85(CDL), 2007 WL 2710466 (M.D. Ga., Sept. 13, 2007)(construing *Bloodsworth* to apply when a request for an ALJ hearing is dismissed).

---

[1]  The United States Court of Appeals for the Third Circuit noted that the Eleventh Circuit is the only circuit which has held that a district court may review an Appeals Council decision denying an untimely appeal from an ALJ hearing.  *Bacon v. Sullivan*, 969 F.2d 1517, 1520 (3d Cir. 1992).  The majority of circuits hold that Appeals Council decisions not to review untimely appeals are not "final decisions" and, thus, not subject to judicial review.  *Id.* at 1520-21.

Although the Eleventh Circuit has not ruled on the issue of whether an ALJ's dismissal of a claimant's untimely request for a hearing, *without* a hearing, is a "final decision," the majority of other circuits have held that an ALJ's pre-hearing dismissal of a request for a hearing is not a "final decision" under § 405(g), and therefore not subject to judicial review. *See White v. Apfel*, 194 F.3d 1319, at * 1 (9th Cir. 1999)(unpublished)("An ALJ's dismissal of an untimely request for hearing is not a final decision made after a hearing."); *Matos-Cruz v. Comm'r*, 187 F.3d 622 (1st Cir. 1998)(unpublished); *Hilmes v. Sec'y of Health and Human Servs.*, 983 F.2d 67 (6th Cir. 1993); *Brandyburg v. Sullivan*, 959 F.2d 555 (5th Cir. 1992) (concluding that the district court was correct in holding that the ALJ's dismissal of the claimant's request for hearing was not a "final decision" subject to judicial review under § 405(g)); *White v. Schweiker*, 725 F.2d 91 (10th Cir. 1984); *Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983) (holding that, absent a constitutional challenge, the court was precluded from judicial review of the dismissal of an untimely hearing request);*Watters v. Harris*, 656 F.2d 234 (7th Cir. 1980).

Thus, based on the case law in the majority of circuits which have ruled on the issue involved in the instant case, the ALJ's Order of Dismissal is not a "final decision" subject to judicial review by this Court.  Accordingly, this Court lacks jurisdiction over this matter under 42 U.S.C. § 405(g).

        2.      <u>Jurisdiction Under 28 U.S.C. § 1361.</u>

Absent a final decision by the Commissioner, a court may still exercise jurisdiction under 28 U.S.C. § 1361.  "Under 28 U.S.C. § 1361, otherwise known as The Mandamus Act, the district court has original jurisdiction over a mandamus action 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) (quoting 28 U.S.C. § 1361).  "'[M]andamus is an extraordinary remedy

which should be utilized only in the clearest and most compelling of cases.'" *Id.* (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969)).

"Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'" *Id.* at 1258 (quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)).  "[A] writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Id.* (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).  In determining whether jurisdiction exists under § 1361, "'allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction.'" *Id.* (quoting *Jones*, 609 F.2d at 781).

In response to the Commissioner's motion to dismiss, Counts argues that this Court has jurisdiction under the mandamus statute because: (1) the Commissioner has a clear nondiscretionary duty to provide the opportunity for a hearing under § 405(b)(1); (2) the Commissioner arbitrarily denied his right to a hearing; and (3) he exhausted his administrative remedies and has no other adequate remedy.  In his complaint, Counts seeks to compel the Commissioner to schedule an administrative hearing before an ALJ pursuant to § 405(b)(1).  He alleges that the Commissioner "owes a clear obligation to Plaintiff to schedule an[] administrative hearing because his request was timely filed."  Doc. No. 1 ¶ 14.  The Commissioner does not challenge Counts' allegations of mandamus jurisdiction in the motion to dismiss.

The Eleventh Circuit has not ruled on the issue of whether mandamus jurisdiction is appropriate in a case such as this one where the ALJ dismissed an untimely hearing request.  Courts in other circuits have ruled on this issue and held that an ALJ acts in his discretion in making a good

cause determination and dismissing an untimely hearing request and, therefore, the ALJ does not have a *non*discretionary duty to hold a hearing.  *See, e.g., Rivera v. Apfel*, No. 01 Civ. 0752(NRB), 2001 WL 699065, at *4 (S.D.N.Y. 2001) ("mandamus jurisdiction is not warranted in this case because the Commissioner followed applicable regulations and had no clear nondiscretionary duty to find that plaintiff had shown good cause or to grant her request for review"); *Tudor v. Shalala*, 863 F. Supp. 119, 125 (E.D.N.Y. 1994); *Burbage v. Schweiker*, 559 F. Supp. 1371, 1374-75 (N.D. Cal. 1983); *see also Green v. Heckler*,742 F.2d 237, 241 (5th Cir. 1984) ("Mandamus is not available to review discretionary acts of agency officials."); *Sheehan v. Sec'y of Health, Educ., & Welfare*, 593 F.2d 323, 327 (8th Cir. 1979) ("If claimant may avoid the timely exhaustion of remedies requirement, any claimant could belatedly appeal his claim at any time and always obtain district court review of an ALJ's decision.").

Because the ALJ had discretion in this case to determine whether Counts demonstrated good cause for his untimely hearing request and in dismissing Count's request, and the Appeals Council had the same discretion, it appears that the Commissioner does not have a clear nondiscretionary duty to provide a hearing.  Accordingly, this Court lacks mandamus jurisdiction under 28 U.S.C. § 1361.

## IV.    RECOMMENDATION.

Based upon the foregoing, I respectfully recommend that the Court do the following:

1.    **GRANT** Defendant's Motion to Dismiss, Doc. No. 11;

2.    **DISMISS** the case for lack of subject matter jurisdiction; and

3.      **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 27, 2010.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy