# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ERNEST DEVARA COUNTS,**

        **Plaintiff,**

**-vs-**                                                                **Case No. 6:09-cv-2157-Orl-22KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## ORDER

This cause comes before the Court for consideration of the Magistrate Judge's Report and Recommendation (Doc. No. 15), filed on August 27, 2010; Plaintiff's Objection to Report and Recommendation Dated August 27, 2010 (Doc. No. 16), filed on September 10, 2010; and Defendant's Response to Plaintiff's Objection to Magistrate Judge's Report and Recommendation (Doc. No. 19), filed on October 7, 2010. The Report and Recommendation recommends that Defendant's Motion to Dismiss (Doc. No. 11), filed on May 4, 2010, be granted.

After an independent *de novo* review of the record in this matter, including the objections filed by Plaintiff and Defendant's response to those objections, the Court reaches different conclusions than the Magistrate Judge did in Parts III(B)(1) and (2) of the Report and Recommendation, but agrees with and adopts the rest of the Report. Defendant's Motion to Dismiss will be DENIED, Defendant's decision will be REVERSED, and the case will be

remanded for a hearing before an Administrative Law Judge ("ALJ") on the merits of Plaintiff's claim.

## I. BACKGROUND

The Court hereby adopts the Magistrate Judge's statement of facts as provided in the Report and Recommendation (Doc. No. 15), which states:

> [Plaintiff] filed a claim for social security disability benefits which was denied by the Social Security Administration (SSA) initially on November 2, 2007. Doc. No. 1 ¶¶ 4-5. On November 17, 2007, [Plaintiff] filed a request for reconsideration. Doc. No. 14-1 at 7. On April 25, 2008, the SSA again denied [Plaintiff]'s claim for benefits. Doc. No. 11-1 at 4-5. Neither [Plaintiff] nor his attorney received notice of the April 25 decision until July 30, 2008, when [Plaintiff] called the social security office and was told his request had been denied. Doc. No. 1 ¶¶ 7-8. The next day, July 31, 2008, [Plaintiff] filed a request for a hearing before an administrative law judge (ALJ). Doc. No. 14-1 at 8.
>
> On May 26, 2009, the ALJ issued a Notice of Dismissal and Order of Dismissal, dismissing [Plaintiff]'s request for a hearing. Doc. No. 14-2 at 6-9. The ALJ found that [Plaintiff]'s request for hearing was untimely because it was filed more than sixty days after the date of the reconsideration determination, and [Plaintiff] did not establish that he did not receive the determination within five days after it was issued. *Id.* at 8. The ALJ also found that [Plaintiff] did not establish good cause for extending the time to request a hearing, despite [Plaintiff]'s assertion that he missed the deadline because he did not receive the reconsideration determination until July 31, 2008. *Id.* The ALJ determined that the record established [Plaintiff] had not moved or had a change of address since his initial disability application. The ALJ noted that [Plaintiff] had received an initial denial notice at the same address used for the reconsideration notice, and [Plaintiff] had timely filed a request for reconsideration. *Id.* at 8-9. The ALJ also noted that Counts' attorney, Richard Schwartz, was carbon copied on the reconsideration notice, so it was reasonable to assume that [Plaintiff] and his attorney received the reconsideration notice shortly after it was mailed in April 2008. *Id.* at 9.

[Plaintiff] appealed the ALJ's Order of Dismissal to the Appeals Council on July 22, 2009. Doc. No. 1 ¶ 12. On August 14, 2009, [Plaintiff]'s attorney, Richard Culbertson, wrote a letter to the Appeals Council stating that [Plaintiff] had executed an affidavit that was inadvertently omitted from his July 22, 2009 appeal letter due to a clerical error. Culbertson requested that the Appeals Council leave the record open for an additional thirty days to correct the clerical error and submit the affidavit. Doc. No. 11-1 at 11. On August 31, 2009, Culbertson wrote another letter to the Appeals Council, enclosing [Plaintiff]'s affidavit as evidence of good cause for [Plaintiff]'s untimely request for hearing. Doc. No. 14-1 at 2-4. In the affidavit, [Plaintiff] averred that he never received any notice of a decision on his request for reconsideration prior to July 30, 2008, when he called the social security office and was told a decision had been made on April 25, 2008. *Id.* at 5.

On October 28, 2009, the Appeals Council denied [Plaintiff]'s request for review of the dismissal. Doc. No. 11-1 at 13-14. The Appeals Council noted that it considered the evidence presented, including the letters dated July 22, 2009 and August 31, 2009, and "found that this information does not provide basis for changing the [ALJ]'s dismissal." *Id.*

On December 23, 2009, [Plaintiff] filed a complaint against the Commissioner seeking review of the Commissioner's Order of Dismissal. Doc. No. 1. He alleges that this Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), and 28 U.S.C. § 1361. *Id.* ¶ 3. He also alleges that he exhausted all administrative remedies. *Id.* ¶¶ 15, 16. In the alternative to reversal of the Commissioner's Order of Dismissal, [Plaintiff] seeks an order compelling the Commissioner to schedule an administrative hearing before an ALJ. *Id.* at 3. He alleges that the Commissioner owes a clear obligation to schedule an administrative hearing because his request for a hearing was timely filed. *Id.* ¶ 14. He further alleges that the ALJ abused his discretion in denying [Plaintiff]'s request for a hearing, and that the Appeals Council did not apply the correct legal standard when it denied his request for review. *Id.*

On May 4, 2010, the Commissioner filed a motion to dismiss [Plaintiff]'s complaint, arguing that the Order of Dismissal is not subject to judicial review. Doc. No. 11. In support of the

> motion to dismiss, the Commissioner filed the following documents: (1) Declaration of Earnest Baskerville, (2) correspondence from the SSA to [Plaintiff], (3) Request for Hearing by Administrative Law Judge, (4) Notice of Dismissal, (5) Order of Dismissal, (6) correspondence from Attorney Culbertson to the Appeals Council, and (7) Notice of Appeals Council Action.  Doc. No. 11-1.
>
> [Plaintiff] filed a response in opposition to the Commissioner's motion on June 17, 2010.  Doc. No. 14.  In support of his response, [Plaintiff] filed the following documents: (1) correspondence from Attorney Culbertson to the Appeals Council, with copies of an enclosed Statement of Claimant or Other Person, Request for Reconsideration, and Request for Hearing [b]y Administrative Law Judge, Doc. No. 14-1; and (2) the Affidavit of Richard A. Schwartz, Esq., with attached copies of a Request for Reconsideration, Request for Hearing by Administrative Law Judge, Notice of Dismissal, and Order of Dismissal, Doc. No. 14-2.

(Doc. No. 15 at 1-4).

In her Report and Recommendation, the Magistrate Judge found that the Order of Dismissal issued by the ALJ is not a "final decision" subject to judicial review, and therefore that this Court is without subject matter jurisdiction to hear Plaintiff's claim.  (*Id.* at 8.)  The Magistrate Judge also found that this Court does not have jurisdiction under the mandamus statute because the ALJ had no clear nondiscretionary duty to find that Plaintiff had shown good cause or to grant his request for a hearing.  (*Id.* at 10.)  Accordingly, the Magistrate Judge has submitted a report recommending that Defendant's Motion to Dismiss be granted, and the case dismissed for lack of subject matter jurisdiction.  (*Id.* at 10-11.)

## II. STANDARD OF REVIEW

When a party objects to the magistrate judge's findings, the district court "must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also United*

*States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) (indicating that although the court must make a de novo determination, a de novo hearing is not required). A de novo determination requires the district judge to consider factual issues in the record independent of the magistrate judge's Report and Recommendation. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

### III. ANALYSIS

After an independent *de novo* review of the record in this matter, including the objections filed by Plaintiff, and Defendant's response to said objections, the Court will deny Defendant's Motion to Dismiss, reverse Defendant's decision pursuant to sentence four of § 405(g), and remand the case for a hearing before an ALJ on the merits of Plaintiff's claim.

A.   *Plaintiff's claim is subject to judicial review pursuant to 42 U.S.C. § 405(g)*

In his Motion to Dismiss (Doc. No. 11), Defendant argues: (1) his decision to deny Plaintiff's request to extend the time period to request a hearing is not subject to judicial review, and (2) the ALJ's Order of Dismissal is not a final decision subject to review within the meaning of 42 U.S.C. § 405(g) because the order was issued without a hearing. As to the first argument, Defendant asserts that the decision to deny a request to extend the time period for requesting review of a determination or a decision is not an initial decision, and thus, it is not subject to judicial review. (Doc. No. 11 at 6) (citing 20 C.F.R. § 404.903 for the proposition that denials of claimants' requests to extend the time period to request review are not initial decisions and as such are not subject to the multi-step administrative appeals process, nor are they subject to judicial review). However, as noted by the Magistrate Judge, Plaintiff asserts that he did not need to request an extension of time because his request for a hearing was timely filed. (Doc. No. 15 at 5) (quoting Plaintiff, Doc. No. 14 at 3, "This case does not involve a request to extend the time to appeal."). In his complaint,

Plaintiff alleges he is seeking review of the ALJ's Order of Dismissal and the Appeals Council decision to deny review, not of a denial of a request for an extension of time. (Doc. No. 1.)   Simply put, Plaintiff never sought an extension of time.   Accordingly, the Magistrate Judge held that Defendant's first argument regarding the denial of an extension is moot.   This Court agrees.

As to the second argument, Defendant contends "since there was no hearing in this case, this Court does not have subject matter jurisdiction."   (Doc. No. 11 at 7.)   Defendant asserts the Court lacks subject matter jurisdiction to hear the case, because the decision to dismiss Plaintiff's request for a hearing was not a "final decision made after a hearing," as required by § 405(g).   Section 405(g) of Title 42 states in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . in the district court of the United States . . . The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . .

Although this section on its face appears to bar review until after a "final" decision is made "after a hearing," the Supreme Court and several lower courts have construed the section broadly to allow review of certain decisions not made after a hearing.   *See Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (stating although the requirement that there be a final decision by the Commissioner after a hearing is central to the requisite grant of subject matter jurisdiction, this condition consists of a waivable and a non-waivable element; the waivable one is "the requirement that the administrative remedies prescribed by the Commissioner be exhausted"); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) ("The [Commissioner]'s argument that an Appeals Council denial of a request to review for reason of untimeliness is neither 'final' because it is not a determination on the merits, nor 'made after a hearing' because the request itself is not heard, makes linguistic but not legal sense."); *Blankenship v. Sec'y. of HEW*, 587 F.2d 329,

332 (6th Cir. 1978) (noting that in a case "where taking jurisdiction would not circumvent an orderly administrative mechanism or contravene a congressional policy regarding the timing of judicial review as in *Califano v. Sanders*, 430 U.S. 99, 102, 106, 97 S. Ct. 980, 51 L. Ed. 2d. 192 (1977), the exercise of jurisdiction is proper) (internal quotation omitted); *Macheski v. Leavitt*, 2007 WL 2710466, at *4 (M.D. Ga. Sept. 13, 2007) ("The adoption of the [Commissioner]'s argument would . . . leave Plaintiff with no recourse whatsoever. He cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the [Commissioner]'s argument he is foreclosed from judicial review because he *has not* exhausted his administrative remedies."); *Crumble v. Sec'y. of Health and Human Servs.*, 586 F.Supp. 57, 59 (E.D.N.Y. 1984) ("Congress could hardly have intended to have accorded a claimant judicial review when his right to a hearing is respected but to have withheld review when that right was denied.") (internal quotation omitted); *Beckham v. Schweiker*, 557 F. Supp. 137, 140 (S.D. Ohio 1982) ("Under the [Commissioner]'s interpretation, it would have the power to deny a person a hearing . . . and that person would not be entitled to any judicial review of that denial . . . . [O]nce a person has pursued the question of his right to a hearing through the administrative process, his administrative remedies have been exhausted and he is entitled under § 405(g) to judicial review of his claim for a hearing . . . .).

Other cases where the courts held that a pre-hearing dismissal of a request for a hearing is not a "final decision" under § 405(g), and is therefore not subject to judicial review, are distinguishable from the instant case. *See e.g.*, *Brandyburg v. Sullivan*, 959 F.2d 555, 561 n.8 (5th Cir. 1992) (holding the ALJ's dismissal of the claimant's request for a postponement of the hearing date was not a "final decision" subject to judicial review under § 405(g); however, noting the decision does not address a situation where the claimant was unaware of the hearing date, as when he does not receive notice thereof); *Watters v. Harris*, 656 F.2d 234, 237 (7th Cir. 1980) (holding denial of the request for a hearing was not a

"final decision;" however, claimant made the request almost two years after receiving notice of the denial and did not show good cause for doing so).

The Supreme Court opinion in *Mathews* provides significant guidance as to the interpretation of § 405(g) requirements:

> The requirement that there be a final decision by the [Commissioner] after a hearing [is] regarded as 'central to the requisite grant of subject-matter jurisdiction' . . . . [However], implicit . . . is the principle that this condition consists of two elements . . . .  The waivable element is the requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.  The non-waivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner].

424 U.S. at 328 (internal citation omitted).    Continuing, the Supreme Court recognized that the Commissioner "may waive the exhaustion requirement if he satisfies himself, at any stage of the administrative process, that no further review is warranted either because the internal needs of the agency are fulfilled or because the relief that is sought is beyond his power to confer."  *Id.* at 330.  Since neither the ALJ nor the Appeals Council chose to offer Plaintiff a hearing on the issue of whether he received the written notice within the sixty-five days after it was allegedly mailed, this Court finds this jurisdictional prerequisite to have been waived, as the ALJ and the Appeals Council must have been satisfied that no further review was warranted when they issued their decision without a hearing.

Moreover, as a New York district court judge reasoned, while it might ordinarily appear to conflict with Congress' intent to allow a circumvention of the jurisdictional requirement that there be a hearing on the merits of a claimant's case before it reaches a district court on those merits, such is not the case where, as here, the hearing arguably waived is not "specifically mandated by the Social Security regulations as a prerequisite to judicial review."  *Crumble*, 586 F. Supp. at 60 n.3.  Notably, there are no promulgated procedures enabling Plaintiff – at a hearing – to explain and present his case proving his timely request for a hearing.  *See id.*  Not receiving a hearing is the very issue Plaintiff is

complaining about. The bizarre results of a literal reading of § 405(g) under these circumstances can be "avoided if the absence of any administrative procedures for hearing [P]laintiff's explanations [of his non-receipt of the notice] is interpreted as a waiver of a hearing for the limited purpose of establishing § 405 jurisdiction on the [denial of the request for a hearing] issue." *Id.*

One might seek to distinguish the Supreme Court decision in *Mathews* on the basis that *Mathews* was centered on a due process claim alleging improper denial of a pre-deprivation hearing, whereas here, as Defendant asserts, Plaintiff did not expressly allege a due process violation. The Court disagrees with Defendant's argument that Plaintiff did not raise a due process claim. To the contrary, although in his complaint Plaintiff does not mention the words "due process," it is clear that Plaintiff seeks review of Defendant's denial of a hearing to which Plaintiff was statutorily entitled, as well as review of Defendant's determination that Plaintiff was provided with notice of the reconsideration decision. *See generally,* Doc. No. 1. Thus, it appears that Plaintiff presented a colorable constitutional claim, and as such, as the Supreme Court stated in *Sanders*, "constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions . . . . [A] decision denying [§ 405(g)] jurisdiction . . . would effectively . . . close[] the federal forum to the adjudication of colorable constitutional claims." 430 U.S. at 109; *see also*, *Cash v. Barnhart*, 327 F.3d 1252, 1257 n.8 (11th Cir. 2003) (recognizing that subject matter jurisdiction exists when the claimant raises a colorable constitutional issue).

However, even if Plaintiff did not present a colorable constitutional claim, this Court is convinced that in light of the Eleventh Circuit Court's reasoning in *Bloodsworth*, the Court cannot reach the conclusion urged by Defendant.[1] As in the instant case, the

---

[1] The Court agrees and adopts the following language from *Macheski v. Leavitt* regarding *Bloodsworth*'s viability:

-9-

Commissioner in *Bloodsworth* argued that the district court lacked jurisdiction under § 405(g) because there was no "final decision made after a hearing." 703 F.2d at 1236. However, unlike in the instant case, the claimant did have a hearing before an ALJ; but, in the district court, he sought judicial review of the Appeals Council dismissal of his request for review as untimely, issued without a hearing. *Id.* at 1235. Regardless of the fact that there was a hearing before an ALJ in *Bloodsworth*, the Commissioner still argued there was no "final decision made after a hearing," which the Eleventh Circuit clearly rejected. *Id.* at 1239 (stating "the Appeals Council decision not to review *finalizes* the decision made after a hearing by the administrative law judge, fulfilling the statutory requirements of section 405(g).") (emphasis in original).

This Court recognizes that the Magistrate Judge distinguished *Bloodsworth* on exactly this basis – that there was a hearing there, albeit before an ALJ rather than the Appeals Council, but there was no hearing at all in the present case. (Doc. No. 15 at 7.) Respectfully, however, as in *Macheski*, this Court is persuaded that the Eleventh Circuit's overall reasoning in *Bloodsworth* warrants the conclusion that adopting Defendant's argument would make "linguistic but not legal sense." *Macheski*, 2007 WL 2710466, at *4

---

> The Court recognizes that *Bloodsworth* has not been universally accepted. In fact, its precedential foundation, *Langford v. Fleming*, has been repudiated by the very circuit from which it originated. *See Harper v. Bowen*, 813 F.2d 737, 742-43 (5th Cir. 1987) (recognizing the implicit overruling of *Langford* and listing the Eighth, Tenth, Third, Second, Seventh, and Ninth Circuits as disagreeing with *Bloodsworth*) (footnote omitted). While it is tempting to join the funeral march ushering in the final demise of *Langford* and *Bloodsworth*, this Court is powerless to remove them from this Circuit's body of binding precedent. Their death must be at the hands of the Eleventh Circuit *en banc*, not a single district judge. (internal citations omitted).

2007 WL 2710466, at *4 (M.D. Ga. Sept. 13, 2007). Hence, this Court is bound to follow *Bloodsworth*.

(quoting *Bloodsworth*, 703 F.2d at 1239).  As eloquently stated in *Macheski*, Plaintiff "cannot seek further administrative review because he has exhausted all of his administrative remedies, and yet under the [Commissioner]'s argument he is foreclosed from judicial review because he *has not* exhausted his administrative remedies.  Leaving Plaintiff 'permanently in limbo' under these circumstances was rejected in *Bloodsworth*."  *Id.* (emphasis in original).

The Court finds the existence of a hearing before an ALJ in *Bloodsworth* to be a distinction without legal consequences, because the Eleventh Circuit reviewed the Appeals Council decision issued without a hearing, not the ALJ's decision issued after a hearing.  Here, Plaintiff seeks review of both the ALJ's decision dismissing his request for a hearing as untimely, and the Appeals Council denial of review of the ALJ's decision.  By denying review of the ALJ's decision to dismiss Plaintiff's request for a hearing, the Appeals Council finalized Defendant's decision to deny Plaintiff a hearing.  Plaintiff exhausted his administrative remedies and timely filed for judicial review.  For the reasons stated above, the Court has subject matter jurisdiction to review Defendant's final decision denying Plaintiff an administrative hearing.

B.   *Defendant's Decision is not Supported by Substantial Evidence*

In reviewing a decision of the Commissioner of Social Security, the Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]."  *Bloodsworth*, 703 F.2d at 1239.  The Court must defer to the Commissioner's decision "if the decision is supported by substantial evidence.  *Id.* (citing 42 U.S.C. § 405(g)).  However, it must not "act as automaton[]" - the Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  *Id.* (internal citations omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158

-11-

(11th Cir. 2004) (internal quotation omitted).  "Even if the evidence preponderates against the Commissioner's findings, [the Court] must affirm if the decision reached is supported by substantial evidence."  *Id.* (internal quotation omitted).

To determine the scope of judicial review, this Court reviews the intricate path of the administrative process detailed in the Social Security regulations.  First, the claimant receives an initial determination regarding entitlement to benefits.  20 C.F.R. § 404.902.  If the claimant is dissatisfied with this initial determination, he may request reconsideration of the determination.  20 C.F.R. § 404.907.  If the claimant is dissatisfied with the reconsideration determination, he may request a hearing before an ALJ.  20 C.F.R. § 404.929.  A request for a hearing must be filed within sixty days after the date the claimant receives notice of the previous determination (notice is presumed to have been received five days after the date on the notice unless the claimant establishes that he did not receive the notice within the five-day period).  20 C.F.R. §§ 404.933(b)(1), 404.901.  If dissatisfied with the hearing decision or with the dismissal of a hearing request, the claimant may appeal to the Appeals Council, and the Appeals Council may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an ALJ.  20 C.F.R. § 404.967.  "The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'"  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007) (quoting *Heckler v. Day*, 467 U.S. 104, 106-7, 104 S. Ct. 2249, 2251, 81 L. Ed. 2d 88 (1984)); 20 C.F.R. § 404.970(b).

Plaintiff contends that the record does not contain substantial evidence supporting Defendant's conclusion that Plaintiff and/or his attorney received the written notice of the reconsideration determination within sixty-five days of Defendant's alleged mailing of the same, and thus that Defendant's dismissal of Plaintiff's request for a hearing was arbitrary,

capricious and an abuse of discretion. Accordingly, the issue before the Court is whether Defendant's decision, as finalized by the Appeals Council denial of Plaintiff's request for review of the ALJ's determination, was based on substantial evidence.

The Appeals Council order denying review of the ALJ's dismissal finalized Defendant's determination that Plaintiff untimely filed the request for a hearing because he failed to rebut the presumption of receipt of the reconsideration decision within the sixty-five days after it was allegedly mailed. The record shows that Plaintiff's attorney, Richard Culbertson, filed Plaintiff's sworn statement, entitled "Statement of Claimant or Other Person," with the Appeals Council for its consideration of Plaintiff's issue on appeal. (Doc. No. 14-1.) Presumably then, this evidence was not in the record before the ALJ. Additionally, the record indicates that the Declaration of Earnest Baskerville, the Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, (Doc. No. 11-1), was initially submitted to this Court with Defendant's Motion to Dismiss. Moreover, the Affidavit of Richard A. Schwartz, Esq., Plaintiff's attorney at the time of his request for a hearing, was also initially submitted to this Court. (Doc. No. 14-2.) To the extent that the Declaration of Mr. Baskerville and the Affidavit of Mr. Schwartz were not presented to the ALJ or the Appeals Council, this Court may not consider them in determining whether there was substantial evidence supporting Defendant's decision.[2] However, the Court must consider the new evidence presented to the Appeals Council, i.e., Plaintiff's sworn statement. *See Ingram*, 496 F.3d at 1261.

The ALJ determined that the record established Plaintiff had not moved or had a change of address since his initial disability application. (Doc. No. 14-2 at 8-9.) Furthermore, the ALJ stated that Plaintiff "received an initial denial notice and timely filed

---

[2] Even if the Court were required to consider this evidence, it would not alter this Court's ultimate conclusion.

for a request for reconsideration using the same address as the reconsideration notice." (*Id.* at 9.) The ALJ also noted that Plaintiff's "address of record did not change when he submitted a request for a hearing." (*Id.*) In addition, the ALJ observed that "Mr. Schwartz, [Plaintiff]'s attorney, was carbon copied on the reconsideration notice." (*Id.*) Thus, the ALJ concluded that "it [was] reasonable to assume that [Plaintiff] and his attorney received the reconsideration notice shortly after it was mailed in April 2008." (*Id.*) The ALJ stated there was no evidence submitted by Plaintiff or his attorney "to demonstrate that he did not receive this reconsideration decision in a timely manner." (*Id.*)

On the record before the ALJ, Plaintiff did not present any evidence that he did not, in fact, receive the notice Defendant allegedly sent. Accordingly, the ALJ entered an order holding the presumption of receipt prevailed. However, before the presumption of receipt could have arisen, certain necessary conditions had to be met.

In other contexts, the Eleventh Circuit has recognized that "[t]he presumption of receipt arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail."[3] *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1361 (S.D. Ala. 2002) (quoting *Konst v. Florida E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996)). This is critical because the record before the ALJ did not contain any evidence showing the notice had sufficient postage or that it was deposited in the mail. Accordingly, there was no evidence before the ALJ sufficient to trigger the presumption.

Even if this Court were to consider the Declaration of Earnest Baskerville, the Court finds the apparently standardized declaration insufficient. "This [Declaration], though facially irresistible, offers little support for the proposition that the notice was in fact timely mailed." *Id.* at 1362 n.18. First, Mr. Baskerville acknowledges that he had no connection

---

[3] "The Commissioner . . . has pegged the limitations period to receipt of the notice. Having done so, the durability of the presumption of timely receipt must depend, at least in part, on the predicate facts supporting the presumption." *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1362 n.19 (S.D. Ala. 2002).

with Plaintiff's case, other than that he is responsible for the processing of claims whenever a civil action has been filed in the State of Florida, (Doc. No. 11-1 at 2), so that he could not have personal knowledge of the date of mailing.  Second, Mr. Baskerville declares, to the best of his knowledge and belief, that the electronic folder discloses that on April 25, 2008, the Social Security Administration issued a determination denying Plaintiff's claim and *mailed a copy* thereof to Plaintiff.  *Id.* at 3. (emphasis added).  However, "[i]n order to raise the presumption of [receipt], the evidence must consist of more than unsupported conclusory statements of an individual based on his assumption of how mail was handled in the normal course of business in his office."  *In re E. Coast Brokers & Packers, Inc.*, 961 F.2d. 1543, 1545 (11th Cir. 1992); *see also Slocum v. Astrue*, 2010 WL 1418409, at *6 (D. Kan. Apr. 6, 2010) (noting that "the presence of the denial notice in defendant's file bearing plaintiff's correct name and address, standing alone, is not sufficient evidence to establish that the notice was mailed to the plaintiff) (internal citation omitted).

Moreover, in deciding whether to grant or deny review of the ALJ's decision, the Appeals Council acknowledged the Statement of Claimant as evidence additionally submitted by Plaintiff's attorney; however, beyond acknowledging this evidence, the Appeals Council apparently did not actually consider it.  Furthermore, the Declaration of Mr. Baskerville was prepared after the Appeals Council decision, and thus the Council could not have considered the declaration when it issued its opinion.  Because the Appeals Council did not rely on any evidence demonstrating the reconsideration determination notice was indeed mailed to Plaintiff or that Plaintiff actually received the notice, and Plaintiff presented his sworn Statement of Claimant to support his allegation that he never received the notice, the Appeals Council should have granted review of the ALJ's decision and should have held it was contrary to the weight of the evidence currently of record.

Because neither the ALJ nor the Appeals Council relied on any evidence establishing the written notice of the reconsideration determination was actually mailed to Plaintiff

and/or his attorney, and because Plaintiff submitted sufficient evidence to reasonably show neither he nor his attorney received the written notice, the Court determines that the ALJ and the Appeals Council did not have before them substantial evidence allowing them to reasonably conclude that Defendant mailed the reconsideration determination notice to Plaintiff, and if so, the date on which it was mailed.[4]  Thus, Defendant's dismissal of Plaintiff's request for a hearing as untimely was not based on substantial evidence and Defendant's reliance on the presumption of receipt was unfounded.

C. *In the Alternative, Plaintiff's Claim is Subject to Judicial Review Pursuant to 28 U.S.C. § 1361*

This Court hereby adopts the following legal analysis as to § 1361 as stated in the Magistrate Judge's Report and Recommendation:

> Absent a final decision by the Commissioner, a court may still exercise jurisdiction under 28 U.S.C. § 1361.  "Under 28 U.S.C. § 1361, otherwise known as The Mandamus Act, the district court has original jurisdiction over a mandamus action 'to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.'" *Cash v. Barnhart*, 327 F.3d at 1257 (quoting 28 U.S.C. § 1361). "'[M]andamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases.'" *Id*. (quoting *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969). "Mandamus relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy [is] available.'"  *Id.* at 1258 (quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)).  "A writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Id.* (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).  In determining whether jurisdiction exists under § 1361, "'allegations of the complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of

---

[4] In addition, assuming, *arguendo*, the presumption of receipt applied, Plaintiff has successfully rebutted it with submission of his sworn statement.

assessing jurisdiction.'" *Id.* (quoting *Jones*, 609 F.2d at 781).

(Doc. No. 15 at 8-9.)

Plaintiff argues that this Court has jurisdiction under the mandamus statute because: (1) Defendant had a clear nondiscretionary duty to provide the opportunity for a hearing under § 405(b)(1); (2) Defendant arbitrarily denied his right to a hearing; and (3) Plaintiff exhausted his administrative remedies and has no other adequate remedy.   In his complaint, Plaintiff seeks to compel Defendant to schedule an administrative hearing before an ALJ pursuant to § 405(b)(1).

Section 405(b)(1) in pertinent part provides:

> The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this title. . . . Upon request of any such individual . . . the Commissioner shall give such applicant . . . reasonable notice and opportunity for a hearing with respect to such decision. . . . Any such request . . . must be filed within sixty days after notice of such decision is received by the individual making such request.

Per § 405(b)(1), it is undisputed that if Plaintiff made a timely request for a hearing, Defendant had a clear, nondiscretionary duty to provide Plaintiff with an administrative hearing.  Because the Court must take the allegations in the complaint as true for the purposes of determining whether § 1361 jurisdiction exists, the Court finds such jurisdiction does exist.  In that respect, this Court reaches a different conclusion than the Magistrate Judge regarding mandamus subject matter jurisdiction.

D.     *Mandamus Relief is Warranted*

Applying the law to the facts of the instant case, the Court finds mandamus relief is appropriate.  Taking into consideration the entire record before the Court, including the Affidavit of Mr. Schwartz and the Declaration of Mr. Baskerville, it is clear that Plaintiff made a timely request for a hearing - one day after Plaintiff received notice of the reconsideration decision.   Defendant failed to proffer any evidence showing the notice was indeed mailed to Plaintiff and/or his attorney.   As discussed above, a boilerplate conclusory

statement that a copy of the notice was mailed is not sufficient to trigger the presumption of receipt. Furthermore, even if the presumption had arisen, Plaintiff rebutted it by submitting his sworn statement to the effect that neither he nor his attorney received the notice within sixty-five days of the alleged mailing. Defendant has no real evidence, yet Plaintiff offered both his and his attorney's sworn statements that neither received the written notice in the mail. The evidence that Plaintiff and his attorney did not receive the written notice stands unrebutted in the record before the Court. As such, the Court finds that: (1) because he timely requested it, Plaintiff had a clear right to an administrative hearing; (2) Defendant had a clear, nondiscretionary duty to provide Plaintiff with a hearing, pursuant to § 405(b)(1); and (3) Plaintiff has exhausted his administrative remedies and has no other adequate remedy. Accordingly, this Court will grant mandamus relief.

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. The Report and Recommendation filed August 27, 2010, (Doc. No. 15), is **ADOPTED in part**, insofar as Part I (Background and Procedural History), Part II (Standard of Review), and Part III(A) (Analysis: Request for Hearing) are adopted in their entirety, and Part III(B)(2) (Analysis: Jurisdiction Under 28 U.S.C. § 1361) is adopted as to the legal analysis of § 1361. The Court respectfully declines to adopt the remainder.

2. Defendant's Motion to Dismiss (Doc. No. 11), filed on May 4, 2010, is **DENIED**.

3. Defendant's decision holding Plaintiff's request for a hearing was untimely is **REVERSED** pursuant to sentence four of § 405(g),[5] as it was not based on substantial evidence.

---

[5] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (sentence four).

4. The case is **REMANDED** to Defendant for a hearing before an ALJ on the merits of Plaintiff's claim.

5. The Court hereby reserves jurisdiction to consider a future petition for attorney's fees. Any such petition shall be filed no later than 30 days after any action giving rise to entitlement to fees.

6. The Clerk is hereby directed to enter judgment providing as follows:

> 1. Defendant's decision holding Plaintiff's request for a hearing was untimely is REVERSED pursuant to sentence four of § 405(g), as it was not based on substantial evidence.
>
> 2. The case is REMANDED to Defendant for a hearing before an ALJ on the merits of Plaintiff's claim.
>
> 3. The Court hereby reserves jurisdiction to consider a future petition for attorney's fees. Any such petition shall be filed no later than 30 days after any action giving rise to entitlement to fees.

7. The Clerk shall close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on December 13, 2010.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party

Case 6:09-cv-02157-ACC-KRS Document 20 Filed 12/15/10 Page 20 of 20 PageID 115

-20-